IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH T. VINCENT, II, *Pro Se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-327 (GMS) |
| | ) | |
| CATHY COLONNA, and | ) | |
| T.A.S.C. OF DELAWARE, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
SEP 20 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MEMORANDUM

Plaintiff Joseph T. Vincent, II, *pro se*, filed the above-captioned action pursuant to 42 U.S.C. § 1983 (2003). Presently before the court is the defendants' motion to dismiss. (D.I. 13.) For the following reasons, the court will grant the motion, and dismiss the complaint.

On April 26, 2002, while Vincent was working on a house in a probation-like setting as part of the State of Delaware's T.A.S.C. (Treatment Access Center) drug treatment program, he was allegedly shot in the left foot with a three-and-a-half inch nail. (D.I. 2 at 6.) Vincent also alleges that he subsequently underwent an X-ray examination, he was given a tetanus shot, and he was prescribed narcotic pain medication.[1] (Id.) However, his T.A.S.C. case manager, defendant Cathy Colonna, told him that if he took any narcotic medication, "she would throw [his] ass in jail." (Id.) On May 21, 2002, Vincent took his grievance to Judge Henley Graves of the Delaware Superior Court, who told him that "even if the Surgeon General himself, wrote me [Vincent] a prescription for pain medication, that if I took one pill, he would put me in [jail] that very same night." (Id.) Vincent argues that, by denying him narcotic pain medication, Colonna violated his Eight

---

[1] Although Vincent's complaint does not explicitly allege that he was prescribed narcotic pain medication, he certainly implies that he was.

Amendment rights. (Id.)

To the extent that Vincent is suing T.A.S.C. of Delaware, and Colonna in her professional capacity, neither one is a "person" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). To the extent that Vincent is suing Colonna in her personal capacity, she would have been legally incompetent to incarcerate Vincent for using narcotic drugs. *See* Del. Code Ann. tit. 11, § 6502 (2001) ("The Department [of Corrections] shall accept custody of all persons committed to it *by courts* of competent jurisdiction." (emphasis added)). Even if Colonna had the power to detain Vincent in some other manner, he fails to allege that she actually did so. Moreover, given the comments of Judge Graves, Colonna was clearly acting in accordance with the directions of the Delaware Superior Court. As such, she enjoys the protections of judicial immunity from suit under § 1983. *See Hughes v. Long*, 242 F.3d 121, 127 (3d Cir. 2001) (judicial immunity extends to persons "act[ing] as 'arms of the court' and perform[ing] functions integral to the judicial process"). Therefore, the defendants' motion to dismiss will be granted.

Dated: September 22, 2005

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH T. VINCENT, II, *Pro Se*, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CATHY COLONNA, and ) <br> T.A.S.C. OF DELAWARE, ) <br> ) <br> Defendants. ) | C.A. No. 04-327 (GMS) |

## ORDER

IT IS HEREBY ORDERED THAT:

1. The defendants' motion to dismiss (D.I. 13) be GRANTED;

2. The plaintiff's motion for leave to amend (D.I. 15) be DENIED as moot;

3. The plaintiff's motion for appointment of counsel (D.I. 16) be DENIED as moot; and

4. The complaint be DISMISSED on all counts.

Dated: September 20, 2005

UNITED STATES DISTRICT JUDGE